IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**DIANNE GOFORTH-JOHNSON**,

          Plaintiff

     v.

**MICHAEL J. ASTRUE**,
Commissioner of Social Security,

          Defendant.

Civil No. 09-6122-MO

**OPINION AND ORDER**

**MOSMAN, J.,**

     Plaintiff Dianne Goforth-Johnson ("Goforth-Johnson") challenges the Commissioner's decision finding her not disabled and denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). I have jurisdiction under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is AFFIRMED.

     I review the Commissioner's decision to ensure he applied proper legal standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

**BACKGROUND**

Ms. Goforth-Johnson alleges disability due to a skin ulcer on her left ankle. The Commissioner denied her applications initially and upon reconsideration. AR 50-59.[1] Ms. Goforth-Johnson appealed and a hearing was held before an Administrative Law Judge ("ALJ") on February 12, 2007. AR 432-486. The ALJ subsequently made his decision based upon a five-step sequential process established by the Commissioner. 20 C.F.R. §§ 404.1520(a); 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (9th Cir. 1987). Here the ALJ found that Ms. Goforth-Johnson could perform work in the national economy, and was therefore not disabled. AR 35-42.

The Appeals Council then remanded the matter back to the ALJ to readdress Ms. Goforth-Johnson's credibility. AR 45-46. The ALJ held a second hearing on December 1, 2008 (AR 487-531), and again found Ms. Goforth-Johnson not disabled on December 18, 2008. AR 16-24. The Appeals Council affirmed this decision on February 27, 2009, making the ALJ's December 18, 2008, decision the final decision of the Commissioner. AR 7-9.

**ANALYSIS**

Ms. Goforth-Johnson contends that the ALJ failed to comply with a remand order issued by the Appeals Council, erroneously assessed her testimony and that of a lay witness, and made erroneous findings at step five in the sequential proceedings. Ms. Goforth-Johnson subsequently asserts that the matter should be remanded for further proceedings.

**I.    Appeals Council Remand Order**

This court reviews the Commissioner's final decisions. 42 U.S.C. § 405(g). Remand orders

---

[1] Citations "AR" refer to the indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on July 15, 2009 (Docket # 12).

issued by the Appeals Council to the ALJ do not represent a final decision of the Commissioner. Therefore, this court is without jurisdiction to review the ALJ's compliance with such orders. These arguments will not be addressed.

## II.     The ALJ's Credibility Finding

Ms. Goforth-Johnson alleges that the ALJ failed to provide "clear and convincing" reasons for discrediting her testimony.

### A.     Standards: Credibility

Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc)). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284; *see also* Social Security Ruling 96-7p at *3 (available at 1996 WL 374186). The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements by the claimant regarding symptoms. *Smolen*, 80 F.3d at 1284. Once a claimant establishes an impairment, the ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence."

PAGE 3 - OPINION AND ORDER

*Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2005).

### B. Analysis

The ALJ found Ms. Goforth-Johnson "not entirely credible" due to her college attendance and participation in vocational rehabilitation and work-study programs. The ALJ also found that the medical record contradicted Ms. Goforth-Johnson's testimony regarding her ankle ulcer and use of crutches. Ms. Goforth-Johnson challenges each of these findings.

#### a. College Attendance

The ALJ noted that Ms. Goforth-Johnson attends full time Community College classes, reports an exceptional grade point average, and edits the school newspaper. AR 21. The ALJ also noted that Ms. Goforth-Johnson and her instructors indicated that she is permitted to elevate her leg in the course of these activities when she feels discomfort. *Id.*

The ALJ's credibility determination may cite a claimant's daily activities. *Smolen*, 80 F.3d at 1284. The ALJ need not find that these activities are equal to full-time employment, but may find that these activities contradict a claimant's allegation of disability. *Batson*, 359 F.3d at 1196. Further, the Ninth Circuit has explicitly affirmed an ALJ's finding that completion of full-time college coursework while elevating one's leg is inconsistent with an allegation of disability. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The ALJ's citation to Ms. Goforth-Johnson's college coursework in finding her not credible is therefore affirmed.

#### b. Vocational Rehabilitation and Work-Study Programs

The ALJ also cited Ms. Goforth-Johnson's participation in vocational rehabilitation and associated work-study programs. AR 22. Ms. Goforth-Johnson asserts, without citation, that participation in vocational rehabilitation "means only that the agency is trying to get the Plaintiff

back to work and there is a chance they may succeed. That is all it means." Pl.'s Opening Br., 6-7. The ALJ did not find that Ms. Goforth-Johnson's participation in vocational rehabilitation programs indicated that her vocational rehabilitation counselor believed she could work. Instead, the ALJ explicitly found that Ms. Goforth-Johnson's participation in vocational rehabilitation, in combination with her school attendance, amounted to activity "far in excess of what the claimant alleges and testified to." AR 22. This court must defer to an ALJ's reasonable interpretation of a claimant's activities of daily living. *Rollins v. Massinari*, 261 F.3d 8583, 857 (9th Cir. 2001). The ALJ's credibility finding may cite a claimant's activities that are greater than she alleges. *Batson*, 359 F.3d at 1196. The ALJ's finding regarding Ms. Goforth-Johnson's participation in vocational rehabilitation is therefore affirmed.

### c. Medical Record

The ALJ finally stated that Ms. Goforth-Johnson's testimony that her leg ulcer did not heal for a two-year period is contradicted by the record. AR 22. Ms. Goforth-Johnson asserts that the ALJ misconstrued the medical record. Pl.'s Opening Br. 6.

The record shows that Ms. Goforth-Johnson received treatment for her leg ulcer in November 1999 (AR 353-54), between February and August 2001 (AR. 305-17, 351), and between May and December 2004. AR 343-339. A physician noted that the ulcer was healed in May 2006 (AR 392), and the record is silent regarding the ulcer until November 2007, when a nurse practitioner noted that Ms. Goforth-Johnson wore compression stockings. AR 401. In December 2007 a physician noted that Ms. Goforth-Johnson's wound was intact (AR 396-97), that Ms. Goforth Johnson used a bandage, and that the wound was "now healed." AR 414.

While the ALJ may not rely upon the medical record in discounting the degree of pain a

PAGE 5 - OPINION AND ORDER

claimant alleges, the ALJ may cite may cite physician observations. *Smolen*, 80 F.3d at 1284. Here, the medical record contradicts Ms. Goforth-Johnson's assertion that her ankle ulcer was an open wound throughout the period in question. The medical record shows no open wound between August 2001 and December 2004, or between December 2004 and November 2007. The ALJ's finding that the medical record contradicted her testimony that it did not heal for a two year period is based upon the record and therefore affirmed.

In summary, the ALJ appropriately construed his credibility findings regarding Ms. Goforth-Johnson's testimony.

### III.   Lay Testimony

The ALJ noted third-party statements submitted by Ms. Goforth-Johnson's mother, Kristen Wiser. The ALJ accepted Ms. Wiser's statements as "descriptive of her perceptions," but found that the behavior Ms. Wiser observed was "not fully consistent with the medical and other evidence of record." AR 21. Ms. Goforth-Johnson challenges this finding.

#### A.   Standards: Lay Witness Testimony

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 404.1513(d), 404.1545(a)(3), 416.913(d), 416.945(a)(3); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). The ALJ may not reject such testimony without comment, and he must give reasons germane to the witness for rejecting her testimony. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.

1996). However, inconsistency with the medical evidence may constitute a germane reason. *Lewis*, 236 F.3d at 512.

### B.     Analysis

Ms. Wiser submitted a third party report to the record on January 25, 2005. AR 157-65. Ms. Wiser repeatedly stated that Ms. Goforth-Johnson uses crutches, and that this creates inconvenience in performing household tasks. AR 159, 163. Ms. Wiser also wrote that Ms. Goforth Johnson attends school, keeps her leg elevated when she is home (AR 157), must sit to dress, and that her children help her with household chores. AR 158. Ms. Wiser stated that Ms. Goforth-Johnson drives a car daily, and shops weekly (with another person to push the grocery cart), and regularly attends church and children's events. AR 160-61. Finally, Ms. Wiser stated that Ms. Goforth-Johnson is "cranky" due to her physical limitations and has difficulties lifting, squatting, bending, standing, walking, kneeling, stair-climbing, and completing tasks. AR 161-62.

The medical record shows that healthcare providers noted Ms. Goforth-Johnson's use of crutches twice, on June 24, 2004 (AR 331) and on September 24, 2005. AR 326. The remaining medical record does not show that Ms. Goforth-Johnson used crutches under medical direction. Ms. Goforth-Johnson additionally stated on August 25, 2005, that she no longer used crutches. AR 191. Ms. Wiser's description of Ms. Goforth-Johnson's limitations is based upon Ms. Goforth-Johnson's use of crutches, specifically noting that Ms. Goforth-Johnson cannot perform household chores due to compromised ability to "navigate and carry at the same time." AR 164. The ALJ's conclusion that the Ms. Wiser's testimony was inconsistent with the medical record is therefore based upon the record. This finding is affirmed.

Ms. Goforth-Johnson now cites Ninth Circuit jurisprudence rejecting an ALJ's dismissal of

PAGE 7 - OPINION AND ORDER

lay testimony because the lay witness had no medical expertise. Pl.'s Opening Br., 8 (citing *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009)). The ALJ presently made no such finding regarding Ms. Wiser's statements. Ms. Goforth-Johnson's assertion that the ALJ's opinion has an "eery resemblance" to his indicated authority is not based upon the record and is therefore rejected.

## IV.     The ALJ's Step Five Findings

Finally, Ms. Goforth-Johnson asserts that the ALJ failed to properly find that she could perform work existing in the national economy at step five in the sequential proceedings. Ms. Goforth-Johnson specifically asserts that the ALJ should have found that her alleged need to elevate her leg at all times precluded all work activity. Pl.'s Opening Br., 8-9.

### A.     Standards

After an ALJ determines that a claimant cannot perform past relevant work at step four, the ALJ must determine if the claimant can perform work in the national economy at step five. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Here the ALJ may draw upon the testimony of a vocational expert, and his questions to the vocational expert must include limitations that are properly supported by the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). A vocational expert's recognized expertise provides the foundation for his testimony, *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005), and an ALJ may take administrative notice of any information the vocational expert provides. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

### B.     Analysis

The ALJ presently found that Ms. Goforth-Johnson could perform sedentary work, and that she must be permitted to elevate her left leg as needed. AR 20. The vocational expert stated than an individual with such limitations would be able to perform work in the national economy as an

optical goods assembler. AR 480. The vocational expert specifically stated that an employee could elevate her leg as needed in such work because it was not "front office" work where professional appearances would be especially important. *Id.*

Ms. Goforth-Johnson now asserts that such a limitation precludes work in the national economy. Pl.'s Opening Br., 9. Ms. Goforth-Johnson's first authority does reflect her cited quotation; Ms. Goforth-Johnson's remaining authorities are either irrelevant to social security disability determinations or not binding upon this court. Ms. Goforth-Johnson therefore presently fails to establish legal authority for her submission that the limitations expressed in the ALJ's questions to the vocational expert preclude work activity.

The ALJ's questions to the vocational expert were based upon Ms. Goforth-Johnson's properly supported limitations. The ALJ may subsequently draw upon the vocational expert's expertise regarding work existing in the national economy. *Johnson*, 60 F.3d at 1435-36. The vocational expert presently stated that Ms. Goforth-Johnson could perform work in the national economy as a optical goods assembler, that 61,000 such jobs existed in the national economy, and that 4,450 such jobs existed in the Oregon economy. The Ninth Circuit has found a comparable number of jobs sufficient to establish work in the national economy under the Commissioner's step five analysis. *Meanel v. Astrue*, 172 F.3d 1111, 1115 (9th Cir. 1999). The ALJ's citation to the vocational expert's testimony, and his subsequent step five findings, are therefore affirmed.

## CONCLUSION

In conclusion, Ms. Goforth-Johnson fails to show that the ALJ improperly evaluated her

///

///

testimony, that of the lay witness, or made improper step five findings. The ALJ's decision is based upon the record and the correct legal standards and is therefore AFFIRMED.

IT IS SO ORDERED.

Dated this  17th  day of May, 2010.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge
